

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York  10007*

December 3, 2007

BY HAND & ECF

Honorable John G. Koeltl
United States District Court
500 Pearl Street
New York, NY 10007

                Re:    United States v. Charlene Marant,
                      07 Cr. 160 (JGK)

Dear Judge Koeltl:

      The Government respectfully submits this letter to request a ruling that various documents, which were obtained pursuant to a grand jury subpoena after the defendant abandoned them in her former offices, are not protected by the attorney-client or work product privileges.

## I. Relevant Facts

      Since in about August 1997, Marant and her associate, Elizabeth Ferreira, rented office space (the "Office") at a Trump operated building located at 40 Wall Street, New York, NY. In late 2004, Marant substantially stopped paying the approximately $10,000 monthly rental fees for the Office. In response, 40 Wall Street LLC, the corporate entity that controls the real estate, (the "Landlord"), initiated eviction proceedings in February 2006. The Landlord asserted that it was owed approximately $135,000 in past due rent. After the eviction proceedings were finalized and the Landlord successfully evicted Marant, the Landlord attempted to notify Marant that she could collect the documents and items that she and her associate had left behind in the Office. Despite the Landlord's repeated attempts, Marant simply abandoned the materials. The Landlord eventually removed all of the items, including approximately 80 boxes of documents (the "Subpoenaed Documents"), and prepared to dispose of them in the trash.

Honorable John G. Koeltl
December 3, 2007
Page 2

On about August 23, 2006, this Office served a Grand Jury Subpoena on the Landlord for "any and all records, documents and data related to the business or operations of Charlene Marant, Marant Enterprises, LLC or EM Financial Solutions, formerly located on the 63rd floor of 40 Wall Street, New York, New York."  In response, the Landlord produced the Subpoenaed Documents, which it had not yet thrown away.

The Government disclosed the existence of the Subpoenaed Documents orally and in its May 16, 2007 letter.  A copy of about three boxes was produced, and all but one of the remaining boxes were made available to the defendant for review at the offices of the Postal Inspection Service. In addition, the May 16, 2007 discovery letter stated that one box of materials in particular appeared to relate to Marant's lawsuit with the Druckers.  I also requested that Mr. Weinstein, counsel for the defendant, contact me to review this last box and determine whether he would assert any claims of privilege.  I spoke to Mr. Weinstein again last week about this box, and he indicated that he hoped to review it in the next two weeks.  He will then determine whether any of the materials are, in the defendant's view, protected by any privilege.[*]

## II.  Discussion

The Government submits that, even assuming they contain what were once protected attorney-client communications or work product, none of the Subpoenaed Documents are privileged because Marant has abandoned them, thus failing to take reasonable steps to ensure their confidentiality.

A.  Applicable Law

Where confidential and privileged materials have been received by a third party, a party asserting a privilege over the materials must demonstrate that she has taken reasonable steps to maintain the materials' confidentiality. See Lambert v. Chase Manhattan Bank, 93 Civ. 8270(LMM)(RLE), 94 Civ. 1317 (LMM)(RLE), 93 Civ. 6876 (LMM)(RLE), 1996 U.S. Dist. LEXIS 18849, at *8 (SDNY Cir. 1996).

---

[*] The Government submits this motion because today is the deadline for *in limine* motions.  In the event that Mr. Weinstein determines that the defendant will not assert that any of the documents are privileged, the Government will notify the Court that this motion is moot.

Honorable John G. Koeltl
December 3, 2007
Page 3

Documents which are discarded by a party and then subsequently recovered by a third party are generally not considered privileged, Suburban Sew ' N Sweep, Inc. v. Swiss-Bernina, Inc., 91 F.R.D. 254, 255 (N.D. Ill. 1981), unless the party has taken steps reasonably designed to maintain their confidentiality by, for example, shredding them and discarding them into private facilities, McCafferty's, Inc. v. Bank of Glen Burnie, 179 F.R.D. 163, 169 (D. Md. 1998).

When otherwise privileged documents are kept in a place where third parties normally have access to them, the privilege does not apply. Jarvis, Inc. v. American Telephone & Telegraph Co., 84 F.R.D. 286 (D.C. Colo.1979) (documents kept in files routinely viewed by third parties not privileged); In re Horowitz, 482 F.2d 72 (2nd Cir. 1973) (failure to take affirmative action to maintain confidence of documents stored in accountant's office destroys privilege); In re Victor, 422 F. Supp. 475 (S.D.N.Y. 1976) (papers left in public hallway for delivery to attorney not privileged).[*]

B.   The Subpoenaed Documents Are Not Privileged

Marant did not take reasonable steps to safeguard the confidentiality of the Subpoenaed Documents, and therefore she has waived any privilege that may have attached to them. Although Marant initially placed the papers inside of the Office, she took no steps to secure them once she had defaulted on her rent payments. From February 2006 through at least September 2006, Marant made no known attempt to secure the documents and any confidential communications they contain. She ignored repeated warnings from the Landlord advising her to collect the items she had left in the Office. In fact, the Government secured these documents not from Marant's Office directly, but from the Landlord - a third party adverse to Marant who had

---

[*] Similarly, a party's disclosure of materials, even if inadvertent, waives the privileged status of the documents. A Court reviewing such a claim for privilege in the face of inadvertent disclosure can look to various factors, including:

> (1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the time taken to rectify any error, (3) the scope of discovery, (4) the extent of the disclosure, and (5) overriding issues of fairness.

Lambert, 1996 U.S. Dist. LEXIS 18849, at *9.

Honorable John G. Koeltl
December 3, 2007
Page 4

already asserted control over them and planned on disposing of them in the trash.  Marant simply abandoned the documents in such a way that their lawful discovery and removal by a third party (namely, the Landlord) was inevitable.  Accordingly, any privilege that might be asserted over the documents has been waived.

### III.  Conclusion

      For all of the foregoing reasons, the Government respectfully requests that the Court rule that the Subpoenaed Documents are not privileged.

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney


                         By: /s/ William J. Harrington
                              WILLIAM J. HARRINGTON
                              Assistant United States Attorney
                              (212) 637-2331

cc:   Philip Weinstein, Esq.
     (By ECF)