December 10, 2007

**BY HAND**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1030
New York, New York 10007

    Re:  **United States v. Charlene Marant**
          **07 Cr. 160(JGK)**

Dear Judge Koeltl:

    I write in response to the Government's three letters dated December 3, 2007 containing various motions in limine.

**Evidence of Other Allegedly Fraudulent Conduct**

    The general principles governing Rule 404(b) evidence are not in dispute. Nor do we contest the standards for the admission of relevant evidence under Rules 401 and 402. However, the evidence the Government seeks to introduce through the testimony of Witnesses 2 to 9 does not come within either rule. To the extent the evidence is admissible, it should be precluded under Rule 403.

    As an overarching matter, Ms. Marant's Letter of Engagement as a business and investment adviser does not limit her to stocks and bonds. In addition, contrary to the assumption in the Government's letter, her scope of employment included advice on loans, insurance, construction and the like. We anticipate that the evidence will establish that the Drukers granted her wide discretion in both their personal and business affairs.

    We do not dispute that some of the funds in question were used to pay Ms. Marant's expense for purposes unrelated to the Drukers' investment goals. In essence, her defense rests on authorization.

Honorable John G. Koeltl                                December 10, 2007
United States District Judge                                       Page 2
Southern District of New York

    Re:  **United States v. Charlene Marant**
         **07 Cr. 160(JGK)**

**Witness 2**

According to the Government's letter, it does not know if Witness 2 will testify. If he does, the Government will submit a detailed letter. When and if it does, the defense will respond.

**Witness 3**

This witness will testify to a dispute over the performance construction services. The existence of such a dispute is not probative of the fraud charge. It did not involve a fraud. Rather, it is a garden variety business dispute concerning the quality of the work performed.

The Government does not assert that Witness 3 is aware of the source of the $90,000 paid in settlement. We assume the Government will attempt to establish that from bank records. Witness 3 adds nothing to the question in dispute: whether the use of the funds was authorized.

It merely seeks to establish that Ms. Marant did not pay a disputed bill, but to avoid litigation she settled. Such evidence is not probative of intent or knowledge.

**Witnesses 4 and 5**

These witnesses, in the Government's view, are intended to show that Ms. Marant said to them that she invested the Drukers' money in bonds. As previously mentioned, she was not required to invest the money in bonds. She was free to invest the Drukers' money in any asset class she deemed appropriate. And, if in her view a home equity loan was more advantageous, such advice was well within the scope of her agreement with the Drukers. Thus, the testimony of Witness 4 is not relevant to the offense charged since it is irrelevant to her authorization to invest in assets other than bonds.

Honorable John G. Koeltl                                  December 10, 2007
United States District Judge                                          Page 3
Southern District of New York

     Re:  **United States v. Charlene Marant**
           07 Cr. 160(JGK)

     As for the dispute with the contractor (Witness 5), it too was a business dispute. It does not establish any element of the crime charged. And, even if Ms. Marant referred to the difficulty in liquidating the Drukers' investment, a claim she disputes, it does not constitute a part of the fraud. Instead, she was negotiating for the Drukers in her capacity as their adviser.

**Witnesses 6 and 7**

     The purpose of these witnesses is to show that some of the returned money did not come from liquidating the Drukers' investments. Instead, the source of the funds was from a loan by Witness 6 and an investment by Witness 7.

     First, to the extent relevant, the source of funds can be established by bank records. Second, the Government does not claim that the loan from Witness 6 was obtained by fraud. While it was not repaid, that does not establish a fraud. It is a civil matter.

     Similarly, Witness 7's investment has no relationship to the charged fraud. It seems to involve a complicated business transaction that did not materialize. No funds were released to Ms. Marant. Nor has any criminal charge been filed. And, the version alleged in the Government's letter is in dispute. Finally, the $10 million was invested by the escrow agent, not Ms. Marant.

     In any event, money is fungible. The source of repaid funds is not relevant to the offense charged.

**Witnesses 8 and 9**

     In essence, these witnesses will testify to Ms. Marant's investment of their money while Ms. Marant was employed by Oppenheimer between 1993 and 1995. Her conduct did not constitute fraud. Rather, it rests on assertions that Ms. Marant

```
Honorable John G. Koeltl                         December 10, 2007
United States District Judge                                Page 4
Southern District of New York
```

    **Re:  United States v. Charlene Marant**
         **07 Cr. 160(JGK)**

invested in securities that were contrary to the instructions of the investors. That claim is a commercial dispute and did not result in criminal charges in civil litigation.

    This conduct also borders the on remoteness side of the equation for admission under Rule 404(b). <u>E.g.</u> <u>United States v. Gilliland</u>, 586 F.2d 1384, 1389-90 (10th Cir. 1976)(14 and 34 year old conduct too remote, even if similar); <u>accord</u> <u>United States v. Davis</u>, 657 F.2d 637 (4th Cir. 1981)(11 year old conduct too remote: here the crimes charged began in 1999). While that alone may not be sufficient when combined with the dubious relevance of the conduct and the contested underlying facts, such testimony should be precluded.

    As for close personal relationship with investors, such relationship is common. Lawyers, investment advisers and other professionals routinely cultivate such relationships as part of their businesses gathering and retention. It is neither illegal or unethical.

    Finally, such claims often occur between investors and advisers. Brokerage disputes often are settled by arbitration.

## The Proposed Testimony of Various Business Disputes -- Witnesses 3, 4, 5, 6, 7, 8 and 9 -- Is Insufficiently Similar to the Charged Crimes

    As previously discussed, all of the events that are subject to the testimony of these witnesses concern business disputes. Some involve loans, others disputes over services and others business dealings. None are similar to the fraud charged. For this reason, also, the evidence is inadmissible.

    The Second Circuit has long held that evidence of a prior act should not be admitted as proof of knowledge or intent unless the prior acts are sufficiently similar to the conduct at issue to permit a jury to reasonably draw the inference advocated by

Honorable John G. Koeltl                           December 10, 2007
United States District Judge                                 Page 5
Southern District of New York

    **Re:  United States v. Charlene Marant**
         **07 Cr. 160(JGK)**

the proponent of the evidence. United States v. Corey, 566 F. 2d 429, 431 (2d Cir. 1977) (requiring "close parallel" between the prior act and the crime charged); see also United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994). If the evidence does not provide a basis for inferring knowledge or intent, it should be excluded. Id.; see also United States v. Peterson, 808 F.2d 969, 974 (2d Cir. 1987). As the Fifth Circuit has observed, "similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charge[d]. There is no necessity for synonymity, but there must be substantial relevancy ... ." United States v. Kasouris, 474 F.2d 689, 692 (5th Cir. 1973) (cited with approval in Aminy, 15 F.3d at 260). If the Rule 404(b) evidence is not sufficiently similar to permit the inference of knowledge or intent, it should be precluded as irrelevant. United States v. Afjehei, 869 F.2d 670, 674 (2nd Cir. 1989); United States v. Dennis, 625 F.2d 782, 800 (8th Cir. 1980).

    In this case, the non-criminal business disputes are not sufficiently similar to warrant admission. Even prior acts that fall within the same category of crime does not suffice for relevancy purposes under Rule 404(b). See United States v. Garcia, 291 F.3d 17 (2d Cir. 2002); United States v. Ezzell, 644 F.2d 1304 (9th Cir. 1981)(error to admit evidence of prior dissimilar bank robbery at a bank robbery trial). A business dispute concerning a loan, the performance of a service, investment advice and the like is not similar to stealing a client's assets. For this reason too, the Government should be precluded from introducing the proposed testimony.

**Even If Relevant to Provide Background Intent Or Knowledge, Evidence of Other Uncharged Conduct Should Not Be Admitted Under Rule 403's Probativeness-Prejudice Balancing Test**

    Since none of the conducts sought to be introduced through the testimony of Witnesses 3 through 9 resulted in a criminal conviction or civil judgment, the underlying facts are in dis-

Honorable John G. Koeltl                                December 10, 2007
United States District Judge                                      Page 6
Southern District of New York

    Re:  **United States v. Charlene Marant**
          **07 Cr. 160(JGK)**

pute. If evidence of these events is offered, it is likely that the defense will seek to refute the versions of events referred to in the Government's letter.

    Rule 403 requires a trial court to determine whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice. Otherwise admissible evidence poses the risk of unfair prejudice if it has undue tendency to suggest decision on an improper basis, such as an emotional one. See United States v. Deutsch, 987 F.2d 878, 884 (2d Cir. 1993). To the extent that evidence has a tendency to prove some adverse fact not properly in issue, such as propensity, the court must balance the probative value of the evidence against the unfair prejudice. Figueroa, 618 F.2d at 943; see also, Michelson v. United States, 335 U.S. 469, 475 (1948) (prosecution may not introduce defendant's prior trouble with the law to show propensity). And in weighing the risks of unfair prejudice, a court cannot assume that limiting instructions will invariably eliminate the risk of prejudice. Figueroa, 618 F.2d at 943. The offered evidence also fails rule 403's balancing test for three reasons.

    First, offering this evidence will lead to a mini-trial about each alleged incidents. These other acts could be very damaging to Ms. Marant's defense because they ask the jury to rely on propensity reasoning. Yet, none of these acts resulted in a jury verdict or a criminal charge. If admitted, the proffered evidence will create confusion and unnecessarily prolong the trial -- factors which are also relevant under Rule 403. Proof of alleged "other act" misconduct is likely to eclipse proof of the alleged offense itself. See United States v. Schatzle, 901 F.2d 252, 255-56 (2d Cir. 1990) (potential delay from allowing mini-trial on other act evidence proper basis to exclude under Rule 403).

    This case is about a series of relatively simple acts. But, the Government's factual bases for introducing other act evidence

Honorable John G. Koeltl                               December 10, 2007
United States District Judge                                      Page 7
Southern District of New York

    Re:  **United States v. Charlene Marant**
          **07 Cr. 160(JGK)**

appear to be more extensive than the evidence of the charged offense itself.

    Second, Ms. Marant's defense will be unfairly prejudiced by the introduction of these other acts. The Government could have charged various alleged business disputes as separate fraud offenses. It chose not to do so. And, now, some of these alleged offenses are barred from prosecution by the statute of limitations.

    Balanced against that is the probable inference of propensity likely to be drawn by the jury. That is especially so in this case because the critical issue before the jury is intent and the Druker's authorization. Yet, there is the substantial danger that such distinctions will be obliterated by extensive evidence of business disputes and uncharged frauds. The jury may ignore the limited grounds for admission and convict Ms. Marant based on earlier uncharged conduct.

## The 2005 Incident

    The Government's motion to preclude cross-examination of Mr. Druker on this matter rests on a flawed premise. While it is arguable that a single incident of this nature may have limited impeachment value, this incident is neither limited to a single episode or relevant solely to impeachment. Rather we anticipate evidence of multiple similar incidents involving not only Ms. Ferraro but also Ms. Marant. The relevance of such evidence is, at least, twofold. It provides background to what the Government has characterized as a "comfortable" relationship including kissing. It was more than that. Either because of affection or embarrassment, it explains why the Drukers consented to Ms. Marant's use of their money. Cf. United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) (other act evidence admissible in prosecution if intertwined with evidence of charged offense or necessary to complete the story of offense charged).

Honorable John G. Koeltl                              December 10, 2007
United States District Judge                                     Page 8
Southern District of New York

    Re:  **United States v. Charlene Marant**
           07 Cr. 160(JGK)

    Moreover, it is relevant to showing that Mr. Druker authorized Ms. Marant's use of his money for personal expenses. Their relationship was not simply one based on business interests. It was more intimate. Absent such evidence, it might be counter-intuitive for the jury to accept the defense theory that the Drukers permitted Ms. Marant access to their money for personal expenses. With such evidence, the plausibility of such a theory is enhanced. Cf. United States v. Kalaydjian, 784 F.2d 53, 56, 103 (2d Cir. 1986) (other act evidence admissible in conspiracy prosecution to establish trust relationship among the participants).

    While Mr. Druker's misconduct might be embarrassing, it is, at least, in part, admitted. It will not prolong the trial. He either will accept it as true or deny it. The defense anticipates that one or two witnesses, who would otherwise testify on other matters, will also testify on these incidents of a sexual nature. Accordingly, the Government's motion to preclude should be denied.

**Attorney-Client**

    Based on my examination of the documents at issue consisting of retainer agreements, lawyer bills, duplicates of documents filed in the civil litigation and one document from Ms. Ferreira sent to civil counsel with bank records tracing an investment, we do not assert with respect to the privilege. However, we do not waive the privilege other documents subsequently discovered or with respect to other attorney-client communications concerning the civil litigation. Since, in our view, the documents in question do not breach the privilege or are not prejudicial, there is no need to contest the Government's claim. But, we do not concede waiver by abandonment when documents were not secured following Ms. Marant's eviction from her office.

```
Honorable John G. Koeltl                          December 10, 2007
United States District Judge                                 Page 9
Southern District of New York
```

    **Re:** **<u>United States v. Charlene Marant</u>**
         **07 Cr. 160(JGK)**

                                    Respectfully submitted,

                                    **PHILIP L. WEINSTEIN**
                                    Assistant Federal Defender

PLW/hcs

cc:  William J. Harrington, Esq.
     Assistant U.S. Attorney/SDNY

     Ms. Charlene Marant
     25 West 51st Street
     New York, New York 10019