UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

CHARLENE MARANT

    Defendant.

07 Cr. 160 (JGK)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHARLENE MARANT'S MOTION FOR A BILL OF PARTICULARS, MOTION TO ORDER PRODUCTION OF BRADY AND GIGLIO MATERIAL AND MOTION TO DISMISS THE CHARGES OF AIDING AND ABETTING

MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

*Attorneys for Defendant Charlene Marant*

## TABLE OF AUTHORITIES

### FEDERAL CASES

Brady v. Maryland, 373 U.S. 83 (1963) ..................................................................1,5,6,7

Giglio v. United States, 405 U.S. 150 (1972) ..........................................................1, 5, 6,7

United States v. Bin Laden, 92 F.Supp.2d 225 (S.D.N.Y. 2000) ..........................2, 4

United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987) ....................................2, 3, 4, 5

United States v. Clifford, 426 F.Supp. 696 (E.D.N.Y. 1976) ................................4

United States v. Coppa, 267 F.3d 132 (2d Cir. 2001) ............................................6, 7

United States v. Davidoff, 845 F.2d 1151(2d Cir. 1988) .......................................2, 3, 4

United States v. Nachamie, 91 F.Supp.2d 565 (S.D.N.Y. 2000) ...........................3

United States v. Pilnick, 267 F.Supp. 791 (E.D.N.Y. 1967) ..................................3, 4

United States v. Reale, No. S4 96 CR. 1069 [1997 WL 580778] (S.D.N.Y. Sept. 17, 1997) ..................................................................................................2

United States v. Rivas, 377 F.3d 195 (2d Cir. 2004) .............................................6

United States v. Rogers, 617 F.Supp. 1024 (D. Colo. 1985) .................................4

United States v. Savin, No. 00 CR 45, 2001 WL 243533, (S.D.N.Y. March 7, 2001) ..........................................................................................................4

United States v. Trie, 21 F.Supp.2d 7 (D.C. Cir. 1988) .........................................3

United States v. Zanadstra, No. 00 CR 209 (2000 WL 1368050) .........................3

### STATUTES & RULES

18 U.S.C. § 1341 ...................................................................................................2

18 U.S.C. § 2 ..........................................................................................................1, 7, 8

Fed. R. Crim. P. 7 ..................................................................................................2

This memorandum is submitted in support of Charlene Marant's motion (1) for a bill of particulars; (ii) for timely production of all <u>Brady</u> and <u>Giglio</u> material relating to Bill Drucker's sexual advances towards Ms. Marant and her business partner, Elizabeth Ferreira; and (iii) to dismiss the charges of aiding and abetting.

The indictment is a bare bones two-page charge. The indictment sets forth no detail about the alleged scheme or the fraudulent conduct – far short of what is necessary for Ms. Marant to be put on full and fair notice of the charge against her and adequately prepare her defense. As set forth in Exhibit A hereto, Ms. Marant requests that the government identify the essential details about the charge that would enable Ms. Marant meaningfully to prepare for trial.[1]

Ms. Marant also requests that the Court order the government to disclose all material relating to Bill Drucker's sexual advances towards Ms. Marant and Ms. Ferreira. In one of the government's motions <u>in limine</u>, it asserted that evidence of Drucker's advances towards Ms. Ferreira was "not relevant." As Ms. Marant's former counsel set forth in his response to the government's motion, and as described in the supplemental letter addressing the issue, the evidence is highly probative and supportive of Ms. Marant's defense. Thus, far from being irrelevant, these facts constitute classic exculpatory facts.

Finally, Ms. Marant seeks to dismiss the indictment as to the charges of violating 18 U.S.C. §2. The indictment contains no allegations of aiding and abetting and is plainly insufficient to support such a charge.

---

[1] We will separately seek from the government voluntary disclosure of the particulars we request herein. If the government provides us with the requested particulars, we will notify the Court that our motion for particulars is moot.

1

## FACTUAL BACKGROUND

The one count indictment charges Ms. Marant with committing mail fraud and violating the aiding in abetting statute for the time period from approximately May 1999 through December 2004. The indictment, which tracks the statutory language of 18 U.S.C. § 1341, does not set forth any details or facts about the charged mail fraud conduct other than making the cursory allegation that Ms. Marant "represented to other persons that she would invest their money in stocks and bonds, when in fact she used it for her own purposes . . . ." Among other insufficiencies, the indictment does not provide any description of the false or fraudulent conduct or the "scheme or artifice" that that Ms. Marant is alleged to have engaged; nor, does it provide any specifics that would enable Ms. Marant to identify such "other persons" to whom she allegedly made misrepresentations. Finally, the indictment charges mail fraud, but does not identify a single mailing that forms the basis of the charge.

The indictment also appears to charge Ms. Marant with violating "Title 18, United States Code, Section . . . 2." Aside from citing the statute, the indictment does not allege any facts that support an aiding and abetting charge.

## ARGUMENT

**I.    The Court Should Order The Government To Provide A Bill Of Particulars**

Pursuant to Fed. R. Crim. P. 7(f), a defendant is entitled to a bill of particulars "to identify with sufficient particularity the nature of the charge[s] pending against [her], thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 573-74 (2d Cir. 1987) (finding that the district court abused its discretion in denying defendant's motion for bill of particulars). The trial court has broad discretion to order the government to provide a bill of particulars. See United States v. Davidoff,

2

845 F.2d 1151, 1154 (2d Cir. 1988) (finding that "[t]he decision to grant or deny a bill of particulars is within the sound discretion of the district court"); United States v. Bin Laden, 92 F. Supp. 2d 225, 232-33 (S.D.N.Y. 2000) (noting that a 1966 amendment to Fed. R. Crim. P. 7(f) was designed "to encourage a more liberal attitude by the courts toward bills of particulars") (internal quotations omitted).

Courts in this circuit have compelled the government to provide bills of particulars when the indictment, as here, is insufficient to apprise the defendant of the nature of the charges. See United States v. Reale, No. S4 96 CR. 1069 (DAB), 1997 WL 580778 at *14 (S.D.N.Y. Sept. 17, 1997); United States v. Zanadstra, No. 00 CR 209 (RWS), 2000 WL 1368050 at *5. In Reale, the court ordered the government to produce a bill of particulars that included dates of the specific mailings and wire transfers because the lack of specificity in the indictment did not give the defendants adequate opportunity to prepare a defense. 1997 WL 580778 at *14. In Zanadstra, another mail fraud case, the court required the government to provide the dates of the mailings in addition to the names of the victims, if known, because the information in the indictment was not sufficient to "avoid surprise at trial, to be able to prepare an adequate defense, and to ensure that [the defendant] is not prosecuted a second time for the same offense." 2000 WL 1368050 at *5. In both cases the court held the defendants would be prejudiced if they were left with only the limited information provided by the indictment and discovery.

Courts have recognized repeatedly that a defendant is entitled to know the false or fraudulent representations with which he or she has been charged. See Bortnovsky, 820 F.2d at 575 (reversing conviction and determining that the district court abused its discretion by denying the defendant's request for a bill of particulars that specified the fraudulent documents and the dates of the alleged burglaries); United States v. Trie, 21 F. Supp. 2d 7 (D.C. Cir. 1988); United States v. Nachamie, 91 F. Supp. 2d 565 (S.D.N.Y. 2000); United States v. Pilnick, 267 F. Supp.

3

791 (E.D.N.Y. 1967); United States v. Clifford, 426 F. Supp. 696 (E.D.N.Y. 1976); United States v. Rogers, 617 F. Supp. 1024 (D. Colo. 1985).

In her request for a bill of particulars, Ms. Marant seeks the most basic information to obtain a fair trial: she asks the government to identify and specify the fraudulent acts with which she has been charged. If a bill of particulars means anything in a fraud case, it means that the defendant is entitled to know the misrepresentations and other actions underlying the charge beyond the recitation of statutory verbiage.

The government has not fulfilled its obligation of specifying the charged fraudulent conduct by producing voluminous discovery. See Davidoff, 845 F.2d at 1155 (finding that bill of particulars required because of, in part, the government's production of 6,000 pages of discovery); Bortnovsky, 820 F.2d at 575 (stressing that "[t]he Government did not fulfill its obligation merely by providing mountains of documents to defense counsel"); United States v. Savin, No. 00 CR 45 (RWS), 2001 WL 243533, at *4 (S.D.N.Y. March 7, 2001) (granting defendant's request for a bill of particulars because of "the broad scope of the allegations in the indictment and the volume of discovery"). As Judge Sand observed in Bin Laden, "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars." 92 F. Supp. 2d at 234. Such large scale document productions by the government "impermissibly . . . shift[]" the burden of proof to the defendants, and thus, a bill of particulars is necessary so that defendants can adequately prepare for trial and prevent unfair surprise. Bortnovsky, 820 F.2d at 575.

The government's discovery here includes approximately 70 boxes of documents which were seized from Ms. Marant's office. The documents are available for review by appointment only at a government office, and Ms. Marant is not permitted to review the documents unless she is accompanied by her attorneys, or she submits to being video and audio taped by the

4

government while she reviews the documents. Although the government has identified several boxes of documents that it believes are most relevant, the documents identified by the government are primarily bank statements which are not particularly relevant to whatever it is, in fact, the government is charging. Ms. Marant does not, as a general matter, contest the transaction details contained in such documents as bank and account statements.

As the Second Circuit clearly established in Bortnovsky, the government cannot respond to Ms. Marant's request for a bill of particulars by simply referring Ms. Marant to the "mountains" of discovery it has already produced. See id. (criticizing the government for failing to provide the defense with a bill of particulars in light of the 4,000 documents produced in discovery). Requiring the defendant to sift through the additional 70 boxes of documents without the basic particulars requested in order to identify the charges is futile and unfair.

Nor is it sufficient for the government to give a terse summary of its theory in a letter to the Court. See Govt. Dec 3, 2007 letter ("Govt letter ") ("the indictment charges Charlene Marant with promising to invest Bill and Barbara Druckers' money in stocks and bonds, but instead spending it on personal and business expenses"). One sentence in a government letter does not satisfy the government's constitutional duty to provide fair notice of the illegal acts charged in an indictment. In addition, this statement by the government highlights the woeful inadequacy of the indictment. The boilerplate indictment does not even provide Ms. Marant with the most basic information that would identify the alleged misrepresentations and victims. The government's assertion that the charges in fact relate to Ms. Marant's relationship with the Druckers is not a substitute for an adequate indictment.

The government goes on in its letter to allude to a number of transactions that it believes were fraudulent and seeks to introduce evidence of the conduct as 404(b) evidence. The vague language of the indictment would appear to encompass these other transactions as well. Ms.

5

Marrant cannot adequately prepare her defense if the indictment does not apprise her of what is, and what is not, included in the indictment.

## II. The Government Should be Ordered To Provide Ms. Marant With Materials Relating To Bill Drucker's Sexual Advances Towards Ms. Marant And Ms. Ferreira

The Court also should order the government to provide Ms. Marant with the immediate production of all Brady material and Giglio material concerning Bill Drucker's sexual advances towards Ms. Marant or Ms. Ferreiera. Under Brady, the government is required to disclose "evidence favorable to an accused . . . where the evidence is material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963); see also United States v. Rivas, 377 F.3d 195 (2d Cir. 2004). With respect to impeachment materials, in Giglio v. United States, 405 U.S. 150 (1972), the Supreme Court held that "when the reliability of a given witness may well be determinative of guilt or innocence nondisclosure of evidence affecting credibility falls within the Brady rule." Id. at 154; See United States v. Coppa, 267 F.3d 132, 142 (2d Cir. 2001).

In its discovery letter to Ms. Marant's former counsel, dated May 16, 2007, the government stated that it was "currently unaware of any Brady material" but that it would "provide timely disclosure if any such material comes to light." The government went on to say that it would "provide Giglio material, if any, at the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500." To date, no Brady or Giglio material has been provided to Ms. Marant.

In one of its motions in limine, the government submits that evidence about an incident in which Bill Drucker "inappropriately touched" Ms. Ferreira is "not relevant." As set forth in the letters filed by Ms. Marant's former counsel, and the supplemental letter submitted on the issue, Dr. Drucker's advances towards Ms. Marant and Ms. Ferreira are central to Ms. Marant's defense and are therefore materials that the government is required to disclose under Brady and

Giglio.

Moreover, the government's apparent knowledge of Drucker's sexual advances towards Ms. Ferreira belies its contention that it is not aware of any Brady material. The letters that Ms. Marant has submitted on the issue demonstrate the relevance and importance of the materials we are requesting. The government may not withhold Brady material on the premise that – in its view – the material is irrelevant, or that it will not be admissible at trial. If that were the rule, then the government would be empowered to deprive Brady of all potential meaning. Fairly viewed, the rule of Brady requires disclosure of all material relating to Druckers' sexual advances toward Ms. Marrant and Ms. Ferreira.

Further, the government may not withhold Giglio material until it is required to provide Ms. Marant with Jencks Act material, as the government plainly stated was its intention in the May 16, 2007 letter. The government must provide Ms. Marant with all Giglio material – including prior statements of witnesses that would be included in Jencks Act material – that meet the Brady materiality threshold, in advance of trial. See Coppa, 267 F.3d at 142 ("the prosecutor must disclose 'material' . . . exculpatory and impeachment information no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made.") Because Drucker's sexual advances towards Ms. Marant and Ms. Ferreira are central to the case, we request that the Court order the government to produce such materials forthwith, to enable Ms. Marant to effectively use the evidence at trial.

### III. The Court Should Dismiss The Aiding And Abetting Charge Because The Indictment Is Insufficient To Allege A Violation of 18 U.S.C. §2

The indictment appears to charge Ms. Marant with adding and abetting under 18 U.S.C. § 2, in addition to mail fraud. No aiding and abetting allegations appear anywhere in the indictment. The indictment does not track the statutory language of the aiding and abetting statute. Indeed, the words "aid" and "abet" – or any formulations of those words – appear

nowhere in the indictment. To the extent that the indictment charges Ms. Marant with violating 18 U.S.C. § 2, it is plainly insufficient and should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should (i) grant Ms. Marant's request for a bill of particulars; (ii) order the government to provide Ms. Marant with material relating to Bill Drucker's sexual advances towards Ms. Marrant and Ms. Ferreira; and (iii) dismiss the aiding and abetting charge.

Dated: New York, New York
       February 19, 2008

                                        Respectfully submitted,

                                        MORVILLO, ABRAMOWITZ, GRAND,
                                          IASON, ANELLO & BOHRER, P.C.

                                        By:_____/s/ Robert J. Anello_____
                                              Robert J. Anello (RJ 9555)
                                              Rachel Y. Hemani (RH 1349)
                                        565 Fifth Avenue
                                        New York, NY 10117
                                        Telephone: (212) 856-9600
                                        Fax: (212) 856-9494

                                        *Attorneys for Defendant Charlene Marant*