

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

March 7, 2008

BY HAND & ECF

Honorable John G. Koeltl
United States District Court
500 Pearl Street
New York, NY 10007

> Re:  United States v. Charlene Marant,
>      07 Cr. 160 (JGK)

Dear Judge Koeltl:

The Government respectfully submits this letter in response to the in limine motions, dated February 19, 2008 filed on behalf of Charlene Marant, the defendant. Specifically, the defendant, through her counsel, requests an order compelling the Government to provide a bill of particulars, requiring the Government to disclose exculpatory material, and dismissing the aiding and abetting provision from the indictment. In a separate surreply to the Government's motion dated December 3, 2007, the defendant also provides additional legal authority regarding the Government's motion to preclude certain evidence.

### I.    The Defendant's Motion For A Bill of Particulars

The defendant moves for an order compelling the Government to provide a bill of particulars. The Government submits that the motion should be denied. The defendant's requests for particulars seek precisely the kinds of evidentiary detail that are not appropriately provided in a bill of particulars and are not necessary for the defendant to prepare for trial. Moreover, the Government has already provided the defendant with most of the particulars that she now requests.

### A.    Applicable Law

The purpose of a bill of particulars is to furnish supplemental facts that are necessary to apprise defendants of

Honorable John G. Koeltl
March 7, 2008
Page 2


the charges against them with enough precision to enable them to
prepare a defense, to avoid unfair surprise at trial, and to
allow them to preclude a second prosecution for the same
offenses.  See, e.g., United States v. Bortnovsky, 820 F.2d 572,
574 (2d Cir. 1987).  The Second Circuit has held that "a bill of
particulars is required only where the charges of the indictment
are so general that they do not advise the defendant of the
specific acts of which he is charged," United States v. Walsh,
194 F.3d 37, 47 (2d Cir. 1999) (quotation omitted), and that "a
bill of particulars is not necessary where the government has
made sufficient disclosures concerning its evidence and witnesses
by other means."  Id.  In exercising its discretion in deciding
whether or not to order a bill of particulars, "the court must
examine the totality of the information available to the
defendant – through indictment, affirmations, and general
pre-trial discovery."  United States v. Bin Laden, 92 F. Supp.2d
225, 233 (S.D.N.Y. 2000).

        A bill of particulars is neither a general
investigative tool for the defense, United States v. Salazar, 485
F.2d 1272, 1277-78 (2d Cir. 1973), nor a device to compel
disclosure of the Government's evidence prior to trial.  See,
e.g., United States v. Gottlieb, 493 F.2d 987, 994 (2d Cir.
1974).  The Government is not required to disclose the manner in
which it will attempt to prove the charges, United States v.
Wilson, 565 F. Supp. 1416, 1439 (S.D.N.Y. 1983), disagreed with
on other grounds by United States v. Reed, 773 F.2d 477 (2d Cir.
1985), nor the precise manner in which the crimes charged in the
indictment were committed, United States v. Andrews, 381 F.2d
377, 378 (2d Cir. 1967).  In addition, the Government is not
required to provide information that would, in effect, provide
the defendant with a preview of the Government's case before
trial, see United States v. Simon, 30 F.R.D. 53, 55 (S.D.N.Y.
1962), lest the defendant tailor his own testimony to explain
away the Government's case.  See United States v. Cimino, 31
F.R.D. 277, 279 (S.D.N.Y. 1962), aff'd, 321 F.2d 509 (2d Cir.
1963).

                    B.    Discussion

        A bill of particulars is not required.  This is a
straightforward fraud case.  Beginning in the late 1990s, the
defendant promised to invest monies on behalf of Bill and Barbara
Drucker in stocks and bonds.  Instead of doing so, she spent over

Honorable John G. Koeltl
March 7, 2008
Page 3


$500,000 of their money on her own personal and business
expenses.  As stated in the Indictment, Marant "represented to
other persons that she would invest their money in stocks and
bonds, when in fact she used it for her own purposes, and used
the United States mail and private carriers in furtherance of her
fraudulent schemes."

        In its letter dated Government's December 3, 2007, the
Government provided extensive background about the nature of the
charges against Marant, including the following:

- the identity of the victims as Bill and Barbara
  Drucker;
- the fact that Ms. Marant repeatedly told the
  Druckers, and later told two third parties, that
  she had invested the Druckers' monies in bonds,
  when in fact it had not been;
- an estimate that Ms. Marant used approximately
  $500,000 of the Druckers' investment funds on
  personal expenses, including payments totaling
  $92,000 to a construction company, rental payments
  for her office space and personal apartment and
  legal expenses;     and
- details of specific occasions where Ms. Marant
  gave the Druckers' money not by liquidating any
  investments she was purportedly holding on the
  their behalf, but by obtaining money from
  unrelated third party sources.

The Government has also provided substantial discovery in this
matter, and indexed that material to assist the defendant's
review.*  This discovery includes records from the bank accounts

---

* In her motion, the defendant complains that the existence
of 70 boxes made available for inspection demonstrates the need
for a bill of particulars.  This is a red herring.  The
Government made these documents available for inspection because
they were the defendant's documents from her former office, and
thus constitute Rule 16 material.  The Government submitted,
however, that the 70 boxes were largely irrelevant to this case,
and that the defendant, who presumably knows her own files, would
be able to make such a judgment as well.  (Indeed, after
reviewing 29 boxes, the defendant had previously selected only

Honorable John G. Koeltl
March 7, 2008
Page 4


that Ms. Marant utilized to control and steal the Druckers'
funds.  The discovery also included specific items that were sent
and received by U.S. Mail and other carriers, including items
related to these banking relationships and other financial
institutions, as well as correspondence with the Druckers.

It is simply not true that the Government has provided
nothing more than a terse or bare bones description of the
offense.  Given the ample and specific disclosures provided to
the defendant, as well as the relatively straightforward nature
of the fraud charged, the defendant's request for a bill of
particulars should be denied.

**II.   The Defendant's Motion For An
Order Requiring The Disclosure
Of Exculpatory Material**

The defendant also moves for an order compelling the
Government to disclose exculpatory information related to
interactions between the victims, the defendant, and the
defendant's partner, Elizabeth Ferreira.  With respect to the
production of exculpatory material, the Government is aware of
its continuing obligation to disclose in a timely fashion any
exculpatory evidence if such material comes to light, pursuant to
Brady v. Maryland, 373 U.S. 83 (1963).  As such, there is no
basis for any remedial action by this Court.  Indeed, courts in
this District routinely deny requests for discovery orders
pursuant to Brady where, as here, the Government has made a good-
faith representation to the court and defense counsel that it
recognizes and has complied with its disclosure obligations under
Brady.  See, e.g., United States v. Sanchez, 2003 WL 1900851, at
*5 ("Brady establishes no general right to pretrial discovery,
and gives rise to no pretrial remedies."); United States v.
Greyling, 2002 WL 424655, *2; United States v. Savarese, 2002 WL
265153, *2 (S.D.N.Y. Feb. 22, 2002); United States v. Palermo,
2001 WL 185132, *1 (S.D.N.Y. Feb. 26, 2001).

Moreover, the request set forth in the defendant's

---

one document as relevant.)  Rather than swamp the defendant with
all of these materials, the Government attempted to segregate a
smaller number of relevant documents and directly provided copies
of only those documents in May 2007.

Honorable John G. Koeltl
March 7, 2008
Page 5


letter is particularly unfounded.  In the first instance, the
defendant confusingly assert that the Government has made no
disclosures (Br. 6), and in the very next sentence discusses at
length the government disclosures about Elizabeth Ferreira that
are the subject of these motions in limine (id.).  Bizarrely, the
defendant then goes on to request information not only about
sexual advances towards Ms. Ferreira (which have been disclosed),
but also about sexual advances toward Ms. Marant.  (Br. 7).  Such
conduct between Ms. Marant and the victims would necessarily be
known to the defendant, and thus would require no further
disclosure.  Brady does not require the disclosure of evidence
"if the defendant either knew, or should have known, of the
essential facts permitting [her] to take advantage of any
exculpatory evidence."  Disimone v. Philips, 461 F.3d 181, 197
(2d Cir. 2006).

        Accordingly, this motion should be denied.

### III. The Defendant's Motion to Dismiss the Aiding and Abetting Provision

        Without citing any legal authority, the defendant
asserts that the Court should "dismiss the aiding and abetting
charge."  (Br. 8).  The defendant argues that the indictment
cites the aiding and abetting provision of the United States Code
but does not include the words aid or abet, or any similar
language.  (Br. 7-8).

        This claim is frivolous.  "The federal aiding and
abetting statute, 18 U.S.C. § 2, does not penalize conduct apart
from the substantive crime with which it is coupled." United
States v. Mucciante, 21 F.3d 1228, 1234 (2d Cir. 1994) (citing
United States v. Kegler, 233 U.S. App. D.C. 58, 724 F.2d 190, 200
(D.C. Cir. 1984)).  "Because an aiding and abetting charge is
arguably implicit in every indictment . . . . it is well
established that a trial judge may properly give an aiding and
abetting instruction even if the indictment does not expressly
charge a violation of 18 U.S.C. § 2." Mucciante, 21 F.3d at 1234
(emphasis added).  Here, where the indictment expressly
references section 2, the Government may proceed on an aiding and
abetting theory of liability.

Honorable John G. Koeltl
March 7, 2008
Page 6

### IV.   The Defendant's Surreply
### Regarding The 2005 Incident

In a sealed filing, the Government also sought to preclude the defendant from eliciting testimony regarding an incident in 2005, pursuant to Rule 403.[*]

The defendant has already filed a response in which she generally avers that testimony of this incident is relevant to the victims' motive in giving her money ("either affection or embarrassment").  (Br. dated December 10, 2007, at 7-8)  Marant then generally referred to "multiple similar incidents" that she would elicit, without providing any details.  (Id.)

In its response dated December 12, 2007, the Government argued that Ms. Marant had not shown the relevance of this testimony.  Among other reasons, the Government noted that the 2005 incident cannot explain Ms. Marant's use of the victims's funds because it occurred over approximately 6 years after the fraud began.  In other words, it is simply impossible that this incident gave the victims a reason to consent to Ms. Marant's use of their money because the incident post-dated much of the fraud. The Government further sought to preclude testimony about the "multiple similar incidents" that Ms. Marant generally referenced on the grounds that the relevance of such evidence to the charged fraud has not been demonstrated, and such testimony would be prejudicial.

In a surreply dated February 19, 2008 ("SR"), the defendant simply ignores the Government's reply.  She does not explain how an incident that post-dated so much of the fraud can explain its origin.  (SR 1-3).  And she provides no further details, but reasserts the existence of multiple similar incidents.  (SR 2).  Instead, she offers additional legal authority - namely, a defendant's Sixth Amendment right to confront accusers - for the proposition that she should be permitted to probe these incidents in order to present a defense.

The surreply thus continues to put the cart before the horse.  The Government's argument - which has gone unanswered -

---

[*] The details of this incident are set forth in the Government's sealed letter dated December 3, 2007.

Honorable John G. Koeltl
March 7, 2008
Page 7


is that the 2005 incident is irrelevant to any defense because it post-dates by many years the start of the fraud.  To the extent the defendant references other incidents, she has provided no details that suggest they could be relevant to a defense.

It is plainly obvious that examination on this topic would needlessly embarrass the victims of Ms. Marant's crime. Ms. Marant understands this.  Indeed, as demonstrated by the following excerpt from a letter she wrote in February 2006, Ms. Marant has already threatened the Druckers' civil attorney with the repercussions of such public disclosures, and she pressured him to agree to sign a general release:

> Admittedly, you stated that you knew nothing about the ten-year personal and business relationship that Elizabeth and I have had with Barbara and Bill.  This ten year relationship, which has been built on respect and commitment should not be destroyed by irreparable acts of adversarial tactics because lives will be destroyed not just the relationships.  There was conduct by Bill which Elizabeth and I would have to disclose but do not want to disclose because of our commitment and honor to Barbara.  These considerations are paramount for a resolution notwithstanding that Barbara and Bill are in their 80s and Elizabeth has head and neck cancer which is not in remission.

(February 7, 2006 Letter (attached as Exhibit A)).  Beyond the embarrassment such testimony would cause, it would also likely confuse the jurors about the relevant facts in the case - such as what promises Charlene Marant made to the victims about the use of their money - by dwelling on a story about inappropriate behavior.

Honorable John G. Koeltl
March 7, 2008
Page 8


## V.    Conclusion

        For all of the foregoing reasons, the Government
respectfully submits that the Court should deny the defendant's
motion for a bill of particulars, for an order regarding
exculpatory material, and an order dismissing the aiding and
abetting charge.  The Government also requests that the Court
grant its earlier motions.

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney


                         By:___/s/ William J. Harrington_____
                              WILLIAM J. HARRINGTON
                              Assistant United States Attorney
                              (212) 637-2331

cc:  Robert Anello, Esq.
     (By ECF)