UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -v-

CHARLENE MARANT

       Defendant.

07 Cr. 160 (JGK)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CHARLENE MARANT'S MOTION TO ORDER
PRODUCTION OF BRADY AND GIGLIO MATERIAL, MOTION
FOR A BILL OF PARTICULARS, MOTON TO DISMISS THE AIDING
AND ABETTING COUNT AND IN OPPOSITION TO THE GOVERNMENT'S
REQUEST TO PRECLUDE ELICITATION OF RELEVANT TESTIMONY**

MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, New York 10017
Telephone:  (212) 856-9600
Facsimile:  (212) 856-9494

*Attorneys for Defendant Charlene Marant*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ......................................................................................................................... 1

I.    THE COURT SHOULD DENY THE GOVERNMENT'S REQUEST TO
PRECLUDE MS. MARANT FROM ELICITING RELEVANT TESTIMONY
ABOUT INCIDENTS INVOLVING BILL DRUCKER ............................................. 1

II.   THE GOVERNMENT SHOULD BE ORDERED TO PROVIDE MS.
MARANT WITH MATERIALS RELATING TO BILL DRUCKER'S
SEXUAL ADVANCES TOWARDS MS. MARANT AND MS. FERREIRA ............. 2

      A.    The Government Is Required To Disclose All Exculpatory Material ............... 3

      B.    The Information That Ms. Marant Seeks Is Not Known By
Ms. Marant ...................................................................................................... 5

III.  THE COURT SHOULD ORDER THE GOVERNMENT TO PROVIDE A
BILL OF PARTICULARS ........................................................................................... 6

IV.  THE COURT SHOULD DIMISS THE AIDING AND ABETTING COUNT ........... 9

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

Cotto v. Herbert, 331 F.3d 217 (2d Cir. 2002) .......................................................2

Disimone v. Phillips, 461 F.3d 181 (2d Cir. 2006)..................................................2

Kyles v. Whitley, 514 U.S. 419 (1995).....................................................................5

Olden v. Kentucky, 488 U.S. 227 (1988) .................................................................2

Pennsylvania v. Ritchie, 480 U.S. 39 (1987)...........................................................7

Strickler v. Greene, 527 U.S. 263 (1999) ................................................................5

United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987) .....................................8

United States v. Coppa, 267 F.3d 132 (2d Cir. 2001).............................................5

United States v. Gil, 297 F.3d 93 (2d Cir. 2002) ....................................................1

United States v. Gillian, 994 F.2d 97, 100 (2d Cir. 1993).......................................2

United States v. Mucciante, 21 F.3d 1228 (2d. Cir. 1994) ......................................9

United States v. Rogers, 617 F.Supp. 1024 (D.C. Colo. 1985).................................8

United States v. Reale, No. S4 96 CR. 1069 [1997 WL 580778] (S.D.N.Y. Sept.
    17, 1997) ...........................................................................................................8

United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988)................................10

United States v. Robles-Mendoza, 106 F. Supp. 2d 191, 192-94 (D.P.R. 2000)...............10

United States v. Safavian, 233 F.R.D. 12 (D.D.C. 2005) ..................................4, 5

United States v. Stein, 424 F. Supp. 2d 720, (S.D.N.Y. 2006)...............................5

United States v. Sudikoff, 36 F.Supp.2d 1196 (C.D. Cal. 1999).............................3

Washington v. Schriver, 255 F.3d 45 (2d Cir. 2001)...........................................2, 3

**PRELIMINARY STATEMENT**

Defendant Charlene Marant respectfully submits this memorandum of law in opposition

to the government's request to preclude Ms. Marant from eliciting testimony relating to Bill

Drucker's sexual advances towards Ms. Marant and Elizabeth Ferreira and in further support of

her motions to order the government to produce <u>Brady</u> and <u>Giglio</u> material, for a bill of

particulars, and to dismiss the aiding and abetting count. For the reasons set forth below and in

Ms. Marant's previous submissions, the Court should deny the government's request and should

grant Ms. Marant's motions.

**ARGUMENT**

**I.    THE COURT SHOULD DENY THE GOVERNMENT'S REQUEST TO
PRECLUDE MS. MARANT FROM ELICITING RELEVANT TESTIMONY
ABOUT INCIDENTS INVOLVING BILL DRUCKER**

The defendant submitted a supplemental response to the government's request to

preclude Ms. Marant from eliciting testimony regarding incidents in which Bill Drucker made

inappropriate sexual advances towards Ms. Marant and her now-deceased partner, Elizabeth

Ferreira.[1] This supplemental response was submitted for the narrow purpose of demonstrating

that Ms. Marant's Sixth Amendment rights to conduct cross-examination and to present a

defense would be violated if the Court were to grant the government's request. Rather than

address this argument, the government's response simply reiterates its assertions that these

incidents are not relevant or would "needlessly embarrass" the Druckers.

The relevance of these incidents, including the incident in 2005, was explained in the

initial and supplemental responses to the government's request: "because of affection or

embarrassment, or both, about his various sexual advances to Ms. Marant and Ms. Ferreira, the

---

[1] The government wrongly characterizes the defense's supplemental response as a surreply. This submission supplemented a previous response submitted by Ms. Marant's former counsel, as permitted by the Court's Order dated January 17, 2008.

Druckers consented to Ms. Marant and Ms. Ferriera's use of their money." See Def. letter February 19, 2008 at 2 & 3; Def. letter December 10, 2007 at 7. The government asserts incorrectly that the incident in 2005 is not relevant because it post-dates the start of the alleged fraud. See Govt. March 7, 2008 letter at 6 ("Govt response"). Numerous other similar events pre-date the 2005 incident and, along with the 2005 incident, are part of Drucker's pattern of inappropriate behavior towards Ms. Marant and Ms. Ferreira. Drucker's conduct began early on in, and continued throughout, Ms. Marant's relationship with the Druckers. The incident in 2005 is illustrative of this pattern of behavior. It is therefore relevant to Ms. Marant's defense, and she should not be precluded from eliciting such testimony.

The possibility that examination on this topic would "embarrass" the Druckers does not trump Ms. Marant's Sixth Amendment rights. See Olden v. Kentucky, 488 U.S. 227 (1988) (holding that the Confrontation Clause was violated when defendant was precluded from cross-examining an alleged rape victim about a potentially embarrassing extramarital affair). The government has not provided an adequate basis for placing Bill Drucker's sensitivity over Ms. Marant's constitutional right to present a defense. See Cotto v. Herbert, 331 F.3d 217, 248 (2d Cir. 2002); Washington v. Schriver, 255 F.3d 45, 56 (2d Cir. 2001). Moreover, the testimony Ms. Marant seeks to elicit is not overly complex, and there is no reason to believe that jurors will not consider this testimony for the purpose for which it is being offered. Cf. United States v. Gillian, 994 F.2d 97, 100 (2d Cir. 1993) (stating that a court must presume that a "conscientious jury" will follow the court's instructions).

## II. THE GOVERNMENT SHOULD BE ORDERED TO PROVIDE MS. MARANT WITH MATERIALS RELATING TO BILL DRUCKER'S SEXUAL ADVANCES TOWARDS MS. MARANT AND MS. FERREIRA

Ms. Marant has argued that the government is obligated to produce all Brady and Giglio material relating to Bill Drucker's sexual advances towards Ms. Marant and Elizabeth Ferreira, Ms. Marant's former business partner. In its response, the government argues that there is no

basis for relief because (i) the government has stated that it recognizes its continued obligations under Brady and that acknowledgement is sufficient to fulfill its Brady obligation, and (ii) the relevant facts are already known to Ms. Marant and that it has already disclosed Brady material relating to Ms. Ferreira.  Govt. response at 4-5.  Both arguments lack merit.

## A.    The Government Is Required To Disclose All Exculpatory Material

For Brady purposes, evidence is favorable to the accused if it either tends to show that the accused is not guilty or to impeach a government witness.  See, e.g., United States v. Gil, 297 F.3d 93 (2d Cir. 2002).  As explained in prior submissions, the exculpatory information that Ms. Marant has requested constitutes exculpatory Brady material.

The government first claims that there is no basis for remedial action by the Court because the government has stated that it is aware of its continuing obligation under Brady, and that is sufficient to fulfill its obligation.  The government is wrong.  Ms. Marant is not on a fishing expedition for general pretrial discovery.  Rather, Ms. Marant has identified the critical Brady material that the government has implicitly acknowledged it possesses, but which the government has argued in its motion in limine is "not relevant."  The relevant question is whether the government must produce all of this identified material; a statement of the government's intentions does not suffice.

The government also argues that it is not obligated to disclose Brady information "if the defendant knew, or should have known, of the essential facts permitting [her] to take advantage of any exculpatory evidence."  Gov't response at 5.  Disimone v. Phillips, 461 F.3d 181, 197 (2d Cir. 2006).  From this the government argues that because Ms. Marant knows "the essential facts" the government is not required to provide Ms. Marant with Brady material relating to Bill Drucker's sexual advances.  As to Drucker's advances towards Elizabeth Ferreira, the government claims that it has fulfilled its Brady obligations by mentioning one such incident, in the context of its motion in limine to preclude introduction of that incident as both irrelevant and

3

inadmissible. Id. The government's argument is wrong on both factual and legal grounds.

The government incorrectly views its Brady obligations through a retrospective lens of whether, after a conviction, an appellate court should hold that the government unconstitutional suppressed Brady material. Ms. Marant is not making a post-conviction claim that the government suppressed Brady material. The appellate case law cited by the government employs a backward-looking perspective and deferential standard of review which should not govern the Court's analysis on a pretrial motion for disclosure. On this motion, the Court should employ a different analysis, focusing on whether the government possesses exculpatory information; if it does, it must produce the information to the defense.

Courts have recognized this distinction between pre-trial and post-trial Brady determinations. In United States v. Sudikoff, 36 F.Supp.2d 1196 (C.D.Cal. 1999), the court undertook a painstaking analysis of the materiality rules and concluded that the traditional materiality test "is only appropriate, and thus applicable, in the context of appellate review." Id. at 1198. The court reasoned that "[w]hether disclosure would have influenced the outcome of the trial can only be determined after the trial is completed and the inculpatory evidence can be weighed against the presumed effect of the undisclosed Brady material." Id. at 1198-1199. The court concluded that the government has a duty to "disclose all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case" without regard to "materiality" in the context of post-trial litigation. Id. at 1199; see also United States v. Safavian, 233 F.R.D. 12 (D.D.C. 2005) (adopting the Sudikoff rule and stating "[t]he only question before (and even during) trial is whether the evidence at issue is favorable to the accused") (internal quotations omitted).

Indeed, Department of Justice policy recently was revised to "require[] disclosure by prosecutors of information *beyond that which is 'material'* to guilt as articulated in Kyles v. Whitley, 514 U.S. 419 (1995), and Strickler v. Greene, 527 U.S. 263, 280-81 (1999).") USAM §

4

9-5001 (December 2006) (emphasis added). With respect to impeachment evidence, the new policy specifies that "information must be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant for a charged crime." Id.

The Second Circuit's decision in United States v. Coppa, 267 F.3d 132 (2d Cir. 2001), does not dictate a different result. At issue in Coppa was the District Court's order to compel the government to provide a defendant with all exculpatory and impeachment materials immediately upon request by a defendant. Id. at 135-136. The Second Circuit ruled that the government is not, as a general rule, required to disclose all exculpatory and impeachment material immediately upon request of the defendant. Id. at 146. Although the Second Circuit also determined that information required to be disclosed by Brady and Giglio is material "which, if not disclosed, creates a reasonable probability of altering the outcome," the Second Circuit framed its analysis in reference to whether the government would commit a constitutional violation under Brady if it withheld evidence, and not in reference to what the government's prospective constitutional obligations are – a question that has yet to be squarely addressed by the Second Circuit. Cf. United States v. Stein, 424 F.Supp.2d 720, 736 (S.D.N.Y. 2006).

In short, the government's disclosure obligations under Brady are not governed by a test for post-conviction determinations of whether Brady material was unconstitutionally suppressed. The government has a constitutional duty to disclose all exculpatory material. If the retrospective appellate standard applied, as suggested by the government, the government could withhold Brady material whenever it believed that it could justify suppression under the deferential standard of review on appeal. Such a standard is not consistent with the government's obligations under Brady.

**B.**    **The Information That Ms. Marant Seeks Is Not Known By Ms. Marant**

The government's assertion that Ms. Marant is aware of the "essential facts permitting [her] to take advantage of the exculpatory evidence" is mistaken. Govt response at 5. Ms.

Marant is seeking evidence about Bill Drucker's repeated sexual advances. Ms. Marant's memory of the events is likely to differ from Bill Drucker's, particularly as the conduct took place of a number of years. If Bill Drucker knows or remembers the events differently than Ms. Marant, that very inconsistency is Brady or Giglio material.

With respect to Elizabeth Ferreira, Ms. Marant's deceased business partner, the government implies that it has satisfied its Brady obligation by disclosing the "2005 incident" in its motion in limine in which it sought to preclude the evidence as both irrelevant and inadmissible. This disclosure is inadequate. It does not notify Ms. Marant as to whether the government has disclosed all Brady material relating to Drucker's sexual advances toward Ms. Ferreira. The completeness of the government's disclosure is particularly important here, where Ms. Ferreira has died after a long struggle with cancer, and is unavailable to testify at trial.

For the forgoing reasons, and the reasons set forth in Ms. Marant's moving papers, the Court should order the government to disclose all materials relating to Bill Drucker's sexual advances towards Ms. Marant and Ms. Ferreira. In the alternative, we urge the Court to exercise its discretion and review the materials in camera to assess their materiality. See Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987).

## III. THE COURT SHOULD ORDER THE GOVERNMENT TO PROVIDE A BILL OF PARTICULARS

In its response, the government states that a bill of particulars is not required because "[t]his is a straightforward fraud case." See Govt response at 2. This characterization is belied by the government's December 3, 2007 letter in which the government seeks to introduce evidence relating to a variety of complicated business transactions involving Ms. Marant and various unidentified persons. Although the government has suggested that the only victims connected to the charge against Ms. Marant are the Druckers, the Druckers are not named in the indictment and the government's December 3, 2007 letter refers to at least six incidents of

6

fraudulent behavior in which the Druckers are not the alleged victims. See Govt. December 3, 2007 letter.

In its December 3, 2007 letter, the government indicated that it intends to introduce evidence relating to at least four of these incidents as direct evidence of the mail fraud scheme, and stated that such evidence "does not constitute other act evidence." Id. at 6. Confusingly, in its December 12, 2007 reply letter, the government argues that "all of the evidence" referenced in its December 3, 2007 letter is also admissible pursuant to Federal Rule of Evidence 404(b), which, of course, governs the admissibility of other act evidence. See Govt Dec 12, 2007 letter at 1. Far from being straightforward, whether the government considers these alleged incidents of fraudulent behavior by Ms. Marant to be direct evidence of the mail fraud scheme, and thus potentially part of the crime for which she is charged, or separate acts for which she has not been charged is unclear. A bill of particulars, therefore, is required to enable Ms. Marant to prepare her defense, to avoid unfair surprise at trial, and to preclude a second prosecution for the same offense. See United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

The government also claims that the need for a bill of particulars is obviated by its December 3, 2007 letter, but this argument is unpersuasive. That letter does not provide sufficient additional facts about the fraudulent acts with which Ms. Marant has been charged to defeat the justification for a bill of particulars. Notably, the government's letter does not include particularized information relating to (i) the nature and timing of the false representations and promises the government alleges Ms. Marant made, (ii) the transactions involving Ms. Marant that the government alleges were part of a fraudulent scheme, (iii) the existence and identify of other participants in the alleged scheme, and (iv) the nature and timing of mailings that form the basis for the charge against Ms. Marant. See Exhibit A. Contrary to the government's assertion, this information is appropriately provided in a bill of particulars and is the kind of information that courts previously have required the government to provide. See Bortnovsky, 820 F.2d at

7

575 (bill of particulars identifying alleged fraudulent transactions); United States v. Reale, No. S4 96 CR. 1069 (DAB), 1997 WL 580778 at *14 (S.D.N.Y. Sept. 17, 1997) (bill of particulars identifying the specific mailings and the approximate date on which each mailing occurred); see also United States v. Rogers, 617 F.Supp. 1024, 1029 (D.C. Colo. 1985) ("The government must reveal the substance, date, time, and place of each false statement or concealment and the persons involved.").

The government also contends that it does not have to provide Ms. Marant with a bill of particulars because of the "substantial discovery" it has provided. First, as discussed in Ms. Marant's motion, the government's obligation to specify the charged fraudulent conduct is not fulfilled by simply providing voluminous discovery. See Bortnovsky, 820 F.2d at 575 (stressing that "[t]he Government did not fulfill its obligation merely by providing mountains of documents to defense counsel"). Second, until recently the government had provided Ms. Marant only limited fettered access to 70 boxes of documents.[2] The government states that it believes these documents are "largely irrelevant" to its case, pointing out that during the limited times that Ms. Marant was able to review these documents, she "selected only one document as relevant." Govt response at 3. What the government fails to note is that in order to receive a copy of a document, Ms. Marant was required to flag the document, thereby alerting the government to materials she deemed relevant to her defense. It is hardly surprising that Ms. Marant may have been reluctant to identify relevant documents under these circumstances. The need for a bill of particulars to prepare Ms. Marant's defense is especially acute considering the fact that only now, barely a month before trial is set to begin, has Ms. Marant been given unfettered access to 70 boxes of documents that may be relevant to her defense.

---

[2] As previously noted, Ms. Marant was permitted to review these documents only by appointment at a government office, and Ms. Marant was not allowed to review the documents unless she was accompanied by her attorneys, or she submitted to being video and audio taped by the government while she reviewed the documents. The government has since agreed to provide a duplicate set of these documents to Ms. Marant, and on March 6, 2008 the Court

## IV.    THE COURT SHOULD DISMISS THE CHARGES OF AIDING AND ABETTING

The government's argument that it has properly alleged aiding and abetting by referencing the statute does not save the charge.  The government cites United States v. Mucciante, 21 F.3d 1228 (2d. Cir. 1994), for the proposition that a judge may properly give an aiding and abetting instruction even if the indictment does not expressly charge a violation of 18 U.S.C. § 2.  Govt. response at 5.  Notably, an essential part of the Court's analysis in Mucciante was whether the theory of aiding and abetting was inconsistent with the indictment.  See Mucciante, 21 F.3d at 1234 ("[t]he reference to 18 U.S.C. § 2 in the indictment does not end our inquiry . . . . It has been recognized that an indictment might be drawn with such specificity as to restrict the government to proving an essential element of the offense through a particular set of facts.").  Indeed, courts have repeatedly recognized that a charge cannot stand where it is inconsistent with the indictment.  See also United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988) (upholding pretrial dismissal of indictment given that facts proffered by the government to the defendant and district court "simply did not conform to the allegations of the indictment"); United States v. Robles-Mendoza, 106 F. Supp. 2d 191, 192-94 (D.P.R. 2000) (dismissing indictment prior to trial where the facts contained in the government's pre-trial filings were inconsistent with the allegations in the indictment).

Here, the indictment on its face together with the scant facts alleged in the government's briefs, do not accuse Ms. Marant of acting as anything other than a *principal* violator.  The indictment alleges that Ms. Marant alone acted to violate the mail fraud statute.  In its December 3, 2006 motion in limine, the government asserts that the indictment charges Ms. Marant with "promising to invest Bill and Barbara Druckers' money in stocks and bonds, but instead spending it on personal and business expenses."  Finally, the government goes on in its motion in

---

granted Ms. Marant's request to authorize the use of funds under the Criminal Justice Act to pay for copying costs.

limine to allege a series of acts that the government asserts are either directly relevant to the charges or admissible as 404(b) evidence – in each instance alleging that Ms. Marant was acting as the principal violator. In short, the facts that the government has asserted are flatly inconsistent with a theory of aiding and abetting liability. Therefore, the aiding and abetting charge should be dismissed.

### CONCLUSION

For the foregoing reasons, the Court should (i) deny the government's request to preclude Ms. Marant from eliciting testimony relating to Bill Drucker's sexual advances towards Ms. Marant and Ms. Ferreira; (ii) order the government to provide Ms. Marant with Brady material relating to Bill Drucker's sexual advances towards Ms. Marrant and Ms. Ferreira; (iii) grant Ms. Marant's request for a bill of particulars; and (iv) dismiss the aiding and abetting count.

Dated: New York, New York
        March 14, 2008

                                Respectfully submitted,

                                MORVILLO, ABRAMOWITZ, GRAND,
                                    IASON, ANELLO & BOHRER, P.C.

                                By:____/s/ Robert J. Anello_____
                                        Robert J. Anello (RJA)

                                565 Fifth Avenue
                                New York, NY 10117
                                Telephone: (212) 856-9600
                                Fax: (212) 856-9494

                                *Attorneys for Defendant Charlene Marant*