UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>CHARLENE MARANT,<br><br>              Defendant. | 07 Cr. 160 (HB) |

**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

                                         **MICHAEL J. GARCIA,**
                                         **United States Attorney for the**
                                         **Southern District of New York,**
                                         **Attorney for the United States**
                                                  **of America**

**WILLIAM HARRINGTON,**
**CARRIE H. COHEN,**
**Assistant United States Attorneys**
      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>CHARLENE MARANT,<br><br>Defendant. | 07 Cr. 160 (HB) |

**GOVERNMENT'S PROPOSED
EXAMINATION OF PROSPECTIVE JURORS**

The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant.

A.   **Introduction**

1.   This is a criminal case. The defendant, CHARLENE MARANT, has been charged with the commission of a federal crime in an Indictment filed by a grand jury sitting in this district. The Indictment in this case charges the defendant with committing mail fraud, and with aiding and abetting the commission of maid fraud, by using the mail to carry out a scheme to defraud an elderly married couple of approximately $500,000 by representing that the defendant would invest their money in stocks and bonds when in fact the defendant used their money for a variety of personal and business expenses. This crime is alleged to have occurred from approximately May 1999 through December 2004.

2. Does any juror have any personal knowledge of the charges in this case? Has any juror read or heard anything about this case? If so, is there anything such a juror has read or heard that would cause him or her to feel that he or she cannot decide the fact issues of this case fairly and impartially?

**B.** **Nature of the Charges**

3. During the trial, you will hear evidence regarding stocks, bonds, and the financial industry. Does the fact that the charges involve stocks or bonds make it difficult for any of you to render a fair verdict?

4. Have any of you, or has any family member or close friend of yours, had a difficult or unpleasant experience with a financial advisor or with a banker in general, that would make it difficult for you to render a fair verdict in this case?

5. Has any juror formed an opinion that the actions charged in the Indictment — sending communications by the mail for the purposes of executing a fraudulent scheme and aiding and abetting the same — should not be a crime?

6. Does any juror have any opinion about the enforcement of the federal laws concerning mail fraud that might prevent you from being fair and impartial in this case?

**C.** **Knowledge of the Trial Participants**

7. Does any juror know, or has he or she had any dealings, directly or indirectly, with CHARLENE MARANT, or with any of her relatives, friends, or associates, including Elizabeth Ferreira

8. The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York, who is

Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys William Harrington and Carrie Cohen who will be assisted by Paralegal Noha Moussa. With them at counsel table is Postal Inspector Greg T. Ghiozzi with the United States Postal Inspection Service. *[The Government respectfully requests that the Court ask these individuals to stand as their names are called.]* Do any of you know Mr. Garcia, Mr. Harrington, Ms. Cohen, Ms. Moussa, or Inspector Ghiozzi? Have you had any dealings either directly or indirectly with any of these individuals?

        9.      Defendant CHARLENE MARANT is represented at trial by Robert J. Anello, Esq. of the firm Morvillo, Abramowitz, Grand, Iason & Silberberg [add other associates/partners who will be at counsel table]. Do any of you know Mr. Anello, [others at def. table] or his firm?

        10.     Does any juror know or has he or she had any dealings, either directly or indirectly with any of the following individuals who may be called as witnesses or whose names may come up during the trial?

> *[The Government will provide the Court with a list of its prospective witnesses and names that may be mentioned during the trial on the morning of trial. The Court also is requested to read the witnesses included on the Defendants' witness lists, if any.]*

    **D.**    **Relationship With Government**

        11.     Do any of you know, or have any association with — professional, business, or social, direct or indirect — any member of the staff of the United States Attorney's Office for the Southern District of New York or the United States Postal Inspection Service? Are

you or any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state or local, such as a police department? Are you or any member of your family employed by any financial advisor or any business that is involved in giving financial advice to individuals?

12. Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the United States Postal Inspection Service, or any other law enforcement or regulatory agency?

13. Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States, or had any interest in any such legal action or dispute or its verdict?

14. Have you, or has any member of your family, either as an individual or in the course of his or her business, had involvement with the United States Attorney's Office or the United States Postal Inspection Service? Would anything about such experience make it difficult for you to hear this case fairly?

15. Have you, or any member of your family, ever been employed by a criminal defense lawyer or private investigator?

E. **Prior Jury Service**

16. Have you ever, at any time, served as a member of a grand jury, whether federal, state, county or city court?

17. Have you ever served as a juror in a trial in any court? If so, when and in what court did you serve and was it a civil or criminal case? Did the jury reach a verdict?

F.  **Experience as a Witness, Defendant, or Crime Victim**

18. Has any juror, any juror's relative, any juror's close friend or associate ever been questioned in any matter being investigated by a federal, state, or local law enforcement agency?

19. Has any juror, any juror's relative, any juror's close friend or associate ever been involved or appeared as a witness in any proceeding? By "proceeding," I mean any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or governmental agency?

20. Are you, any relative, or any close friend or associate, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

21. Have you, any relative, or any close friend or associate ever been charged with a crime?

22. Have you, any relative, any close friend or associate ever been the subject of any investigation or accusation by any federal or state grand jury?

23. Has any juror, or friend or relative of any juror, ever been a victim of a crime?

24. Has any juror, or friend or relative of any juror, ever been a victim of a fraudulent scheme?

G.  **Law Enforcement Personnel**

25. The witnesses in this case may include law enforcement personnel. Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

5

**H.    Individual Questions for Each Juror**

26. The Government respectfully requests that the Court ask each juror to state the following information:

    (a) the area in which the juror resides and how long he or she has resided there (the Government respectfully requests that the jurors not be asked their exact address);

    (b) the other members of the juror's household;

    (c) the juror's occupation, employer, and length of employment;

    (d) employment information with respect to the juror's spouse or other adults living in the same household and any working children;

    (e) the educational background of the juror, including the highest degree obtained;

    (f) the juror's hobbies and interests;

    (g) the newspapers, magazines, and television shows the juror reads and watches;

    (h) whether the juror currently manages his/her money using any type of investment or financial advisor, or had within the preceding five years.

**I.    General Questions for the Panel**

28. Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial?

29. Are any of you taking any medication which would prevent you from giving full attention to all of the evidence at this trial?

30. Does any juror have any difficulty in reading or understanding English?

31.	The trial in this case is expected to last approximately two weeks. Is there anything about the length of the trial that would make it an extreme hardship for you to serve as a juror?

**J.	Function of the Court and Jury**

32.	The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not each of the defendants is guilty as charged in the Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

33. Will each of you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty?

34.	Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to the guilt or non-guilt of the defendants, and that only the evidence produced here in Court may be used by you to determine the guilt or non-guilt of the defendants?

35.	It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the

defendants' guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

36. Do any of you have any religious, philosophical or other beliefs which would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

37. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, does any juror have the slightest doubts in his or her own mind, for any reason whatsoever, about his or her ability to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

K. **Requested Instruction
Following Impaneling of the Jury**

38. From this point on until you retire to deliberate your judgment, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your family or friends. If at any time during the course of this trial, any person attempts to communicate with you, either verbally or in writing, about this case, whether it be in or out of this Courthouse, you should immediately report this attempt to me. In this regard, let me explain to you that attorneys in this case are not supposed to speak to you, even to offer a friendly greeting, and have been directed not to do so. So if you should see any of them

outside this Courtroom they will, and should, ignore you. Please do not think that they are being rude or discourteous. They will only be acting properly by doing so.

Dated: New York, New York
       May 16, 2008

>                    Respectfully submitted,
>
>                    MICHAEL J. GARCIA
>                    United States Attorney
>                    Southern District of New York
>                    Attorney for the United States
>                            of America
>
>
>              By:    /s/ William J. Harrington
>                    William J. Harrington
>                    Carrie H. Cohen
>                    Assistant United States Attorneys
>                    (212) 637-2331 / 2264

9

## **CERTIFICATE OF SERVICE**

I am an Assistant United States Attorney in the United States Attorney's Office, Southern District of New York.

On May 16, 2008, I caused to be served by electronic filing one copy of the Government's Proposed Examination of Prospective Jurors on:

>Robert J. Anello, Esq.
>Morvillo, Abramowitz, Grand, Iason & Silberberg
>565 Fifth Avenue
>New York, New York 10017

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 16, 2008

                                               /s/ William J. Harrington
                                               William J. Harrington