UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

UNITED STATES OF AMERICA       :     07 Cr. 160 (HB)

                                    :

             -v.-               :

                                    :

CHARLENE MARANT,          :

                                    :

                Defendant.    :

                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S REQUESTS TO CHARGE

 

MICHAEL J. GARCIA
*United States Attorney*
*Southern District of New York*
WILLIAM J. HARRINGTON
CARRIE H. COHEN
*Assistant United States Attorneys,*
     *Of Counsel.*

# TABLE OF CONTENTS

Request No.

1    General Requests. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2    The Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3    Summary of the Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4    Mail Fraud. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5    Mail Fraud
     Elements of the Offense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6    Mail Fraud
     First Element – Existence of Scheme or Artifice. . . . . . . . . . . . . . . . . . . 8

7    Mail Fraud
     Second Element – Participation in Scheme with Intent to Defraud. . . . . . 11

8    Mail Fraud
     Third Element – Use of the Mails. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

9    Aiding and Abetting. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

10   Mail Fraud: Alternative Theories. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

11   Variance in Dates, Amounts, Etc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

12   Venue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

13   Defendant's Right Not to Testify. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

14   Defendant's Testimony [If Applicable]. . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

15   Character and Reputation Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

16   Limiting Instruction: Similar Act Evidence. . . . . . . . . . . . . . . . . . . . . . . . 29

17   Charts and Summaries: Admitted as Evidence [If Applicable]. . . . . . . . . . . 31

18   Charts and Summaries: Not Admitted as Evidence [If Applicable]. . . . . . . . 32

19    Testimony of law Enforcement Officers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

20    Uncalled Witness – Equally Available to Both Sides [If Applicable]. . . . . . . . . 34

21    Persons Not On Trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

22    Preparation of Witnesses [If Applicable]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

23    Particular Investigative Techniques Not Required [If Applicable]. . . . . . . . . . . 37

24    Use of Audiotape Recording and Transcripts [If Applicable]. . . . . . . . . . . . . . . 38

25    Stipulations [If Applicable]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

26    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
UNITED STATES OF AMERICA                :
                                        :        07 Cr. 160 (HB)
              -v.-                       :
                                        :
CHARLENE MARANT,                        :
                                        :
                    Defendant.          :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully

request that the Court include the following in its charge to the jury.

1

REQUEST NO. 1

General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

     a.     Function Of Court And Jury.

     b.     Indictment Not Evidence.

     c.     Statements Of Court and Counsel Are Not Evidence.

     d.     Rulings on Evidence and Objections.

     e.     Burden Of Proof And Presumption Of Innocence.

     f.     Reasonable Doubt.

     g.     Government Treated Like Any Other Party.

     h.     Definitions, Explanations And Example Of Direct And Circumstantial Evidence.

     i.     Inferences.

     j.     Credibility Of Witnesses.

     k.     Right To See Exhibits And Have Testimony Read During Deliberations.

     l.     Sympathy:  Oath Of Jurors.

     m.     Punishment Is Not To Be Considered By The Jury.

     n.     Verdict Of Guilt Or Innocence Must Be Unanimous.

<u>REQUEST NO. 2</u>

<u>The Indictment</u>

The defendant CHARLENE MARANT is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is simply a charge or accusation, it is not evidence.

The Indictment in this case contains one count, on each of which you will be called upon to render a verdict with respect to the defendant.  I will read the Indictment to you in a moment.  I will also summarize the offense charged in the Indictment, and explain in detail the elements of the offense.

REQUEST NO. 3

Summary of the Indictment

I will now describe the charge contained in the Indictment.  The Indictment alleges violation of one federal statute:  mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2.

Count One of the Indictment charges the defendant, CHARLENE MARANT, with using the United States Mail in furtherance of her scheme to defraud an elderly married couple of approximately $500,000 by representing that the defendant would invest their money in stocks and bonds when in fact the defendant spent their money on her own personal and business expenses.  The defendant also is charged with aiding and abetting mail fraud, in violation of Title 18, United States Code, Section 2.

> Adapted from the charge of the Honorable Robert W. Sweet in United States v. Toro, 89 Cr. 268 (S.D.N.Y. June 8, 1989).

4

REQUEST NO. 4

Mail Fraud

Count One of the Indictment each charges the defendant with violating Section 1341 of Title 18 of the United States Code, which is the Mail Fraud Statute.

Section 1341 reads, in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall [be guilty of a crime].

Like the wire fraud statute, the mail fraud statute, was passed by Congress to protect the public, and more precisely, the gullible public, against the various fraudulent schemes that the cunning of tricksters, swindlers and the confidence men could devise.

In this case, the defendant is charged with participating in a scheme to defraud a married couple of their money by false representations that she had invested their money when she had spent it on her own personal and business expenses, and using the United States Mail to further the scheme.

Count One reads as follows:

[The Court is respectfully requested to read the relevant counts of the Indictment.]

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (MBM)(S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990), from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand et al., Modern Federal Jury Instructions, Instr. 44-1 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (EW) (S.D.N.Y. 1983)).

REQUEST NO. 5

Elements Of Mail Fraud

In order to sustain a substantive charge of mail fraud against the defendant, the Government must prove each of the following three elements beyond a reasonable doubt:

First: That there was either: (a) a scheme or artifice to defraud; or (b) a scheme or artifice to obtain money or property by false and fraudulent pretenses, representations or promises.

Second: That the defendant you are considering knowingly and willfully devised or participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud; and

Third: That in executing the scheme to defraud, the defendant used, or caused the use of the U.S. Mails for a mailing anywhere or used Federal Express for a mailing between two states in furtherance of the scheme as specified in the Indictment.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 44-3 (1999), and from the legal principles set forth in United States v. Gole, 158 F.3d 166, 167 (2d Cir. 1998) (the essential elements of mail fraud are "(1) the use of the mails to further (2) a scheme to defraud with (3) money or property as the object of the scheme"); see United States v. DiNome, 86 F.3d 277, 283 (2d Cir. 1996) (elements of mail fraud); United States v. Richman, 944 F.2d 323, 331-32 and n.10 (7th Cir. 1991) (setting forth elements of mail fraud; "immaterial that [scheme] did not progress to the point where [defendant] had to make false representations"; "the mail fraud statute proscribes fraudulent schemes rather than specific misrepresentations to the party to be defrauded") (citation and internal quotation marks omitted).

<u>REQUEST NO. 6</u>

Wire Fraud
<u>First Element – Existence of Scheme or Artifice</u>

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises.  Both types of schemes are prohibited by the Mail Fraud Statute, but the Government does not need to prove both.  The Government need only prove one scheme to prevail.  You must, however, be unanimous in your determination as to the type of scheme or schemes, if any, present in this case.

This first element is almost self-explanatory.  A "scheme or artifice" is simply a plan for the accomplishment of an object.  A "scheme to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

Now, "fraud" is a general term.  It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by intentional misrepresentation, false suggestion or concealment of the truth.  That unfair advantage can involve money, property, or any other thing of value.

A "pretense, representation or promise" is fraudulent if it was made falsely and with intent to deceive.  A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner which makes what is said or represented deliberately misleading.

It is not necessary for the Government to establish that any particular person actually relied on, or actually suffered damages, as a consequence of any false statement or omission of any material fact.  Nor need you find that the defendant you are considering profited from the fraud.  It

is enough if you find that a false statement or a statement omitting material facts was made as part of a fraudulent scheme in the expectation that it would be relied on. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

I have used the word "material" in describing the kind of false statements or omissions that are wrongful under the wire fraud statute. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.

A "material fact" is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision. That means if you find a particular statement of fact to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision.

In order to establish a scheme to defraud, the Government is not required to establish that the defendant herself originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant you are considering knowingly participated in it. Nor is it necessary for the Government to establish that the scheme actually succeeded – that is, that the defendant you are considering realized any gain from the scheme or that the intended victim suffered any loss. Similarly, it does not matter whether the intended victim is gullible or negligent. The gullibility or negligence of the intended victim is not a defense. The question for you to decide is: Did the defendant you are considering knowingly devise or participate in a scheme to defraud and to obtain money in which the interstate or foreign wires were used to further the scheme? Whether or not the scheme actually succeeded is not a question you may consider in determining whether a scheme existed.

9

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case. If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990), and from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand et al., Modern Federal Jury Instructions, Instr. 44-4 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (EW) (S.D.N.Y. 1983)).
>
> See United States v. Bronston, 658 F.2d 920, 927 (2d Cir. 1981) (to establish mail fraud, Government must show that "any nondisclosures or affirmative misrepresentations must have been material"), cert. denied, 456 U.S. 915 (1982). See also United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981) (mail fraud; "A misrepresentation may be material without inducing any actual reliance. What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose.") (citing United States v. Regent Office Supply Co., 421 F.2d 1174, 1182 (2d Cir. 1970)).
>
> United States v. Amrep Corp., 560 F.2d 539, 543 (2d Cir. 1977) ("Declarations of opinion as to future events which the declarant does not in fact hold may be found by a jury to be fraudulent. Declarations made with reckless indifference for the truth may be viewed in the same light.") (citations omitted), cert. denied, 434 U.S. 1015 (1978).
>
> See also United States v. Schwartz, 924 F.2d 410, 420 (2d Cir. 1991) (Government need not show actual harm to victim -- intended harm is enough), and United States v. Weiss, 752 F.2d 777, 784 (2d Cir.) (mail fraud; Government must show that "some harm or injury was contemplated," but need not show actual harm to victim or profit to malefactors), cert. denied, 474 U.S. 944 (1985).

<u>REQUEST NO. 7</u>

Mail Fraud
<u>Second Element – Participation in Scheme with Intent to Defraud</u>

The second element of the crime of mail fraud is that a defendant devise or participate in a fraudulent scheme knowingly, willfully, and with intent to defraud.

The words "devise" and "participate" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

As I have mentioned, it is not necessary for the Government to establish that the defendant you are considering originated a scheme to defraud. It is sufficient if you find that the defendant joined a conspiracy and was aware that its object was a scheme to defraud.

It is also not required that a defendant participate in or have knowledge of all of the operations of such a scheme. The guilt of a defendant is not governed by the extent of his participation.

It also is not necessary that a defendant have participated in such a scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

11

Even if a defendant participated in a scheme to a lesser degree than others, she is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the defendant's act must have been the product of the defendant's conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

"Unlawfully" simply means contrary to law. The defendant need not have known that she was breaking any particular law or any particular rule. A defendant need only have been aware of the generally unlawful nature of his acts.

"Intent to defraud" means that a defendant had some realization of the fraudulent or deceptive character of the scheme and had an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. The Government need not prove that the intended victim was actually harmed; only that such harm was contemplated .

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, her words, her conduct, her acts and all the surrounding circumstances disclosed by the evidence and the

12

rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that deciding whether a defendant possessed or lacked an intent to defraud, that determination need not be limited to just what the defendant said, but may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant you are considering is a complete defense to a charge of mail fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

In considering whether or not the defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith. No

13

amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for investors will excuse fraudulent actions, false representations or omissions of material facts.

As a practical matter, then, in order to sustain the charges against the defendant, the Government must establish beyond a reasonable doubt that she knew that her conduct as a participant in the scheme was calculated to deceive and nonetheless, she associated herself with the alleged fraudulent scheme.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme and lacked the intent to deceive, you must acquit the defendant.

On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with intent to defraud, and if the Government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 44-5 and 57-25 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (EW) (S.D.N.Y. 1983)); and the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990), and from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from the charge of the Honorable John G. Koeltl in United States v. Szur, 97 Cr. 108 (JGK) (S.D.N.Y., June 9, 1998).
>
> See also United States v. Bryser, 954 F.2d 79, 88-89 (2d Cir.) (mail fraud; Government need not establish that defendant participated in all aspects of scheme), cert. denied, 112 S. Ct. 2939 (1992); United States v. Amrep Corp., 560 F.2d 539, 543 (2d Cir. 1977) (holding that defendant may be liable for fraudulent transaction in which he did not directly participate, so long as part of overall scheme) (citations omitted), cert. denied, 434 U.S. 1015 (1978). See United States v.

14

Schwartz, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."), and United States v. King, 860 F.2d 54, 55 (2d Cir. 1988) (same), cert. denied, 490 U.S. 1065 (1989).

REQUEST NO. 8

Mail Fraud
Third Element – Use Of The Mails

The third element that the Government must establish beyond a reasonable doubt requires proof of the use of the mails in furtherance of the fraudulent scheme.   The use of the mails can be from one state to another, or just within a state or even a single city; it does not matter, as long as the United States mails were used.  In addition, where, as here, a commercial mail carrier like FedEx also is used, that mailing using FedEx must be between two different states.

The mailed matter need not contain a fraudulent representation or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the mailing by others.  This does not mean that a defendant must specifically have authorized others to do the mailing.  When one does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen, even though not actually intended, then she causes the mails to be used.

With respect to the use of the mails, the Government must establish beyond a reasonable doubt the particular mailings charged in the Bill of Particulars. As I have noted in reading the relevant portions of the Bill of Particulars, the particular mailings alleged in the Indictment are

16

[The Government requests that the Court Read the Bill of Particulars].  The specific mailings are identified in the Bill of Particulars.

Now, it must be noted that the Government does not have to prove that the mailings were made on the exact date or dates charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the mailings in question were made on a date substantially similar to the date charged in the Indictment.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 44-6 (1999); see Schmuck v. United States, 489 U.S. 705, 710-11 (1989) ("To be part of the execution of the fraud . . . the use of the mails need not be an essential element of the scheme.  . . .  It is sufficient for the mailing to be incident to an essential part of the scheme, . . . or a step in the plot.") (citations and internal quotations omitted).

<u>REQUEST NO. 9</u>

<u>Aiding and Abetting</u>

In Count One of the Indictment, the defendant is charged both as a principal -- meaning a person who actually committed the crime charged -- and as an "aider and abettor" -- meaning a person who did not actually commit the crime, but who in some way counseled, advised, or otherwise assisted in the commission of the crime. The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant herself physically committed the crime with which she is charged in order for you to find the defendant guilty. Thus, if you do not find beyond a reasonable doubt that the defendant herself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if she committed it herself. Accordingly, you may find the defendant guilty of the substantive crimes of mail fraud if you find beyond a reasonable doubt that the Government has proved that another person or persons actually committed those crimes, and that the defendant aided and abetted that person or persons in the commission of the offenses.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was

18

committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate herself in some way with the crime, and that she wilfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture. A defendant need not have a financial or other material interest in a venture to be an aider or abettor, but the defendant must take some action or fail to take an action with specific intent to assist the commission of the charged crime.

To determine whether the defendant aided or abetted the charged mail fraud, you should consider the following questions as factors to help you decide if the defendant acted in a manner consistent with someone who aided and abetted the commission of the crime:

- Did she participate in the crime charged as something he wished to bring about?

- Did she associate with the criminal venture knowingly and willfully?

- Did she seek by her actions to make the criminal venture succeed?

19

If the defendant did, then the defendant is an aider and abettor, and therefore guilty of the offense charged.  If she did not, then the defendant is not an aider and abettor, and is not guilty of the offense charged.

> Adapted from the charge of the Honorable Sidney H. Stein, United States v. Jenard Smalls, S2 01 Cr.1032 (SHS) (S.D.N.Y. 2002), from L. Sand, et al., Modern Federal Jury Instructions, Instrs. 11-1 and 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977).

I will now discuss subsection (b) of the aiding and abetting statute.  As I mentioned, the defendant can be held liable under that subsection for willfully causing the commission of a federal crime.

Now, what does the term "wilfully caused" mean?  It does not mean that the defendant herself needs to have physically committed the crime, or supervised or participated in the actual criminal conduct charged in the Indictment.  The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant take some action without which the crime would not have occurred?

Second, did that defendant intend that the crime would be actually committed by others?

If the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if she had actually committed the crime in question.  To find the defendant liable under this provision of the statute, the Government need not prove that she acted through a guilty intermediary.  That is, a defendant can be found liable even if she acted through someone who is entirely innocent of the crime charged in the Indictment, or who is unaware of the criminal intent

20

of the defendant .

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 11-3 (1999), and from the legal standards set forth in United States v. Concepcion, 983 F.2d 369, 383-84 (2d Cir. 1992) ("an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries") (citations and internal quotations omitted); United States v. Margiotta, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense") (citation and internal quotations omitted); and United States v. Ordner, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary . . . is irrelevant"). See also United States v. Jordan, 927 F.2d 53, 55 (2d Cir. 1991) (jury properly instructed that defendant could be found guilty where he caused government agent to ferry narcotics into the United States).

21

<u>REQUEST NO. 10</u>

<u>Alternative Theories</u>

Let me summarize some things with respect to the crime of mail fraud. You may only convict the defendant if you are persuaded beyond a reasonable doubt that she: (a) committed the crime charged; (b) aided or abetted the commission of the crime; or (c) willfully caused the crime to be committed. You need not, however, find that the defendant did all three of these things in order to convict her. Rather, it is sufficient if you find beyond a reasonable doubt that the defendant did one of these three things in order to convict her.

REQUEST NO. 11

Variance in Dates, Amounts, etc.

The Indictment alleges that the crime was committed from in or about May 1999 up to and including in or about December 2004.  It is not essential that the Government prove that the crime occurred during that whole time period.  It is sufficient if you find that any part of the crime was committed approximately during that time.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

The same goes for most of the other factual contentions in the Indictment.  Thus, for example, it is not necessary for the Government to prove exactly any monetary amount specified in the Indictment.

Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991), the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (S.D.N.Y.), aff'd, 990 F.2d 622 (2d Cir. 1993), the charge of the Honorable Allen G. Schwartz in United States v. Percan, 98 Cr. 392 (AGS) (S.D.N.Y. 1999), and the charge of the Honorable Loretta A. Preska in United States v. Allen, 99 Cr. 929 (LAP) (S.D.N.Y. 2000). See L. Sand, et al., Modern Federal Jury Instructions, Instrs. 3-12, 3-13.

23

REQUEST NO. 12

Venue

In addition to all of the elements I have described for you, you must also decide whether any act in furtherance of each of the crimes occurred within the Southern District of New York. This means that you must decide whether any act committed to further or promote the mail fraud scheme occurred within the Southern District of New York.

The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan County, so anything that occurs in those counties occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York. To satisfy this venue requirement only, the Government need not meet the burden of proof beyond a reasonable doubt. It need not meet that standard on the venue requirement and the venue requirement only. The Government meets its burden of proof with respect to the venue requirement if it establishes by a preponderance of the evidence -- simply tips the scale in its favor -- that an act in furtherance of the crime occurred within the Southern District of New York. A preponderance of the evidence means that something is more likely than not.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant that you are considering of the charge.

Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from L. Sand, et al., Modern Federal Jury Instructions,

24

Instr. 3-11.

See United States v. Brennan, 183 F.3d 139, 145 (2d Cir. 1999) (venue in mail fraud satisfied if mail underlying the indictment is caused to be delivered to the district in question); accord United States v. Sutton, 13 F.3d 595, 599 (2d. Cir. 1994).

<u>REQUEST NO. 13</u>

<u>Defendant's Right Not to Testify</u>

[*If requested by defense*]

Charlene Marant, the defendant, did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against her may be drawn by you because she did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from L. Sand, <u>et al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 5-21.

REQUEST NO. 14

Defendant's Testimony

[If Applicable]

The defendant testified in this case. You should evaluate the credibility of the defendant's testimony in the same way you evaluate the credibility of other witnesses.


Adapted from the charge of the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2007).

<u>REQUEST NO. 15</u>

<u>Character and Reputation Testimony</u>

*[If applicable]*

During the course of this trial, there has been testimony that the defendant has a reputation for honesty and integrity in her community. [There has also been testimony to the contrary]. That testimony bears on the defendant's character. Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt, where without such evidence no reasonable doubt would have existed. But if, based on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that she previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe that she is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant. [Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.] The guilt or innocence of the defendant is for you alone to determine, and that should be based on all the evidence you have heard in the case.

> Adapted from L. Sand, <u>et al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instrs. 5-14 & 5-15 and from the charge of the Honorable Robert J. Ward in <u>United States</u> v. <u>Thweatt</u>, 77 Cr. 553, Tr. 2357-58 (S.D.N.Y. 10/17/77) <u>aff'd</u>, mem. dec. (2d Cir. 3/22/78). <u>See</u> <u>also</u> <u>United States</u> v. <u>Fayette</u>, 388 F.2d 728, 737 (2d Cir. 1968); <u>United States</u> v. <u>Kelly</u>, 349 F.2d 720, 765 (2d Cir. 1966); <u>United States</u> v. <u>Kabot</u>, 295 F.2d 848, 855 n.1 (2d Cir. 1961).

REQUEST NO. 16

Limiting Instruction -- Similar Act Evidence

*[If Applicable]*

The Government has offered evidence tending to show that on a prior occasion the defendant engaged in conduct similar to that charged in the Indictment.  Specifically, the Government has introduced evidence that _____ .

In that connection, let me remind you that the defendant is not on trial for committing acts other than those alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that defendant committed the crime charged in the Indictment.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally, and not because of some mistake, accident or other innocent reason.  On the other hand, you are not required to make that inference.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act, she must also have committed the crime charged in the Indictment.

Adapted from the charge of the Honorable John F. Keenan in
United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and
from L. Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

29

"[U]pon request, the district court must give an appropriate
limiting instruction to the jury" when admitting similar act
evidence pursuant to Rule 404(b).  United States v. Pitre, 960 F.2d
1112, 1119 (2d Cir. 1992).

<u>REQUEST NO. 17</u>

<u>Charts And Summaries: Admitted As Evidence</u>

*[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

L. Sand, <u>et al.</u>, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 5-12 (1999).

31

<u>REQUEST NO. 18</u>

<u>Charts And Summaries: Not Admitted As Evidence</u>

*[If Applicable]*

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from the charge of the Honorable Kevin Thomas Duffy in <u>United States</u> v. <u>Castellano</u>, SSS 84 Cr. 63, <u>aff'd</u> <u>in</u> <u>part</u> <u>and</u> <u>rev'd</u> <u>in</u> <u>part</u> <u>sub</u> <u>nom</u>. <u>United States</u> v. <u>Gaggi</u>, 811 F.2d 47 (2d Cir. 1987), Tr. at 7019-20, and from L. Sand, <u>et</u> <u>al.,</u> <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 5-13.

<u>REQUEST NO. 19</u>

<u>Testimony of Law Enforcement Officers</u>

*[If Applicable]*

You have heard testimony from a law enforcement official.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

33

<u>REQUEST NO. 20</u>

<u>Uncalled Witness -- Equally Available to Both Sides</u>

[*If Applicable*]

Both the Government and the defense have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

Adapted from the charge of the Honorable Kenneth Conboy in <u>United States</u> v. <u>Lew</u>, 91 Cr. 361 (KC) (S.D.N.Y. 1991) and from L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.  <u>See generally United States</u> v. <u>Erb</u>, 543 F.2d 438, 444-45 (2d Cir.) (discussing propriety of missing witness charges).

34

<u>REQUEST NO. 21</u>

<u>Persons Not On Trial</u>

You may not draw any inference, favorable or unfavorable, towards the

Government or the defendant from the fact that any person other than the defendant is not on trial

here.  You may also not speculate as to the reasons why other persons are not on trial.  Those

matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge of the Honorable Henry F. Werker in
<u>United States</u> v. <u>Barnes et al</u>., S 77 Cr. 190 (Nov. 29, 1977), <u>aff'd</u>,
604 F.2d 121 (2d Cir. 1979).

<u>REQUEST NO. 22</u>

<u>Preparation of Witnesses</u>

[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

36

<u>REQUEST NO. 23</u>

<u>Particular Investigative Techniques Not Required</u>

[*If Applicable*]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant you are considering has been proven beyond a reasonable doubt.

Adapted from the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Medina</u>, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

REQUEST NO. 24

Use of Audiotape Recording and Transcripts

*[If Applicable]*

A tape recording has been admitted into evidence. Whether you approve or disapprove of the recording of a person's activities or his conversations may not enter your deliberations. These recordings were made in a lawful manner and no one's rights were violated. The Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in
> United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992),
> and the charge of the Honorable Allen G. Schwartz in United
> States v. Percan, 99 Cr. 392 (AGS) (S.D.N.Y. 1999).

In connection with the tape recording, the Government distributed a transcript of a conversation. The transcript of that conversation was given to you as an aid or guide to assist you in listening to the tape recording. However, the transcript is not in and of itself evidence. The tape is the evidence and you may or may not accept some or all of the transcript of the tape.

> Adapted from the charges of Hon. Pierre N. Leval in United States
> v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and Hon. John
> G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK)
> (S.D.N.Y. 1995).

REQUEST NO. 25

Stipulations

[*If Applicable*]

In this case you have heard evidence in the form of stipulations.  A stipulation of fact is an agreement between the Government and the defendant that a certain fact is true.  In such cases, you must accept those facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect and weight to be given that testimony.

> Adapted from the charges of Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), aff'd, 21 F.3d 1228 (2d Cir. 1994), Hon. John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999), Hon. Loretta A. Preska in United States v. Allen, 99 Cr. 929 (LAP) (S.D.N.Y. 2000), and from L. Sand, et al., Modern Federal Jury Instructions, Instr. 5-6 & 5-7 (1998).

REQUEST NO. 26

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. To find the defendant guilty or to find her not guilty, your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of

40

your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in United States v. Soldaro, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973); see also United States v. Corr, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), aff'd, 543 F.2d 1042 (2d Cir. 1976).

Dated: New York, New York
       May 16, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York


                       By:  ____/s/ William J. Harrington_____
                              WILLIAM J. HARRINGTON
                              CARRIE H. COHEN
                              Assistant United States Attorneys
                              Tel.:  (212) 637-2331 / 2264